UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| SEAN MURPHY, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:25-CV-63-TAV-JEM |
| | ) | |
| KELLY STEPHENS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This case is before the Court pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiffs' Motion for Extension of Time to Effect Service on the United States Attorney General [Doc. 17]. For the reasons set forth below, the Court **GRANTS** the motion [**Doc. 17**].

**I.     BACKGROUND**

On February 12, 2025, Plaintiffs filed their Complaint, naming several Defendants who work for the United States Court of Appeals for the Sixth Circuit [Doc. 1]. Given that, under Rule 4(i)(3) of the Federal Rules of Civil Procedure, Plaintiffs are also required to serve the United States. Fed. R. Civ. P. 4(i)(3). To serve the United States, among other requirements, Plaintiffs must "send a copy of [the summons and the complaint] by registered or certified mail to the Attorney General of the United States at Washington, D.C." Fed. R. Civ. 4(i)(1)(B).

Under Rule 4(m) of the Federal Rules of Civil Procedure, Plaintiffs had until May 13, 2025, to serve Defendants. *See* Fed. R. Civ. P. 4(m). On May 26, 2025, Plaintiffs filed their motion seeking an extension to serve the Attorney General [Doc. 17].

Plaintiffs seek until June 27, 2025, to serve the United States Attorney General [*Id*. ¶ 5]. For grounds, they state that their "[p]rivate [p]rocess server could not effect service on the United States Attorney General on behalf of the named Defendants after making good faith efforts to do so" [*Id*. ¶ 3 (citation omitted)]. According to the process server, he traveled to Washington, D.C., and was not able to personally serve the United States Attorney General [Doc. 17-1]. He talked to a security guard who said he was not allowed to accept anything, and the security guard provided the process server with a telephone number to contact [*Id*.]. Plaintiffs represent that they have served the named Defendants [*Id*. ¶ 2].

## II. ANALYSIS

Plaintiffs' request is governed under Rule 4(i)(4), which provides:

> **(4) Extending Time.** The court must allow a party a reasonable time to cure its failure to:
>
> **(A)** serve a person required to be served under Rule 4(i)(2), if the party has served either the United States attorney or the Attorney General of the United States; or
>
> **(B)** serve the United States under Rule 4(i)(3), if the party has served the United States officer or employee.

Fed. R. Civ. P. 4(i)(4). Rule 4(m) requires that the plaintiff show good cause to extend the time for service. Fed. R. Civ. P. 4(m). "Rule 4(m) complements Rule 4(i)(2) in this respect." *Raja v. Johnson*, No. 2:13-CV-11, 2014 WL 1123523, at *2 (S.D. Ohio Mar. 20, 2014). The Advisory Committee Note to Rule 4(m) states that "[a] specific instance of good cause is set forth [in Rule 4(i)(4)], which provides for extensions if necessary to correct oversights in compliance with the requirements of multiple service in actions against the United States or its officers, agencies, or corporations." Fed. R. Civ. P. 4 advisory committee's note, 1993 amendments.

Plaintiffs have filed proof of service on the individual Defendants [*See* Docs. 10, 10-1 to 10-3]. Given that, the Court must allow Plaintiffs additional time to cure their deficiencies on serving the United States. *See* Fed. R. Civ. P. 4(i)(4)(B).

But Plaintiffs filed their motion after the May 13 deadline to serve. Pursuant to Rule 6(b)(1)(B), if "a party requests an extension of a deadline after that deadline has passed, the Court can grant an extension only on a motion and upon a finding of good cause and excusable neglect." *Boyd v. City of Warren*, No. 16-12741, 2019 WL 1423244, at *2 (E.D. Mich. Mar. 29, 2019) (citation omitted), *objections overruled sub nom.*, *Boyd v. McCabe*, No. 16-CV-12741, 2019 WL 3852582 (E.D. Mich. Aug. 16, 2019). There are four relevant factors to determine excusable neglect: "(1) the danger of prejudice to defendant[]; (2) the length of the delay and its impact on judicial proceedings; (3) the reason for the delay, including whether it was within plaintiff's reasonable control; and (4) whether plaintiff acted in good faith." *Sydney v. Columbia Sussex Corp.*, No. 3:13-CV-312, 2014 WL 7156953, at *4 n.1 (E.D. Tenn. Dec. 15, 2014) (citation omitted). As noted, Plaintiffs attempted to serve the United States Attorney General by personal service on May 7, 2025 [Doc. 17-1]. While this is not in accordance with Rule 4(i), there is no evidence that Defendants would be prejudiced by the delay, and there is no indication that Plaintiffs acted in bad faith. The Court therefore finds an extension is warranted.

The Court therefore **ORDERS** Plaintiffs to serve the United States in accordance with Rule 4(i) on or before **June 27, 2025**. The Court **ADMONISHES** Plaintiffs that the failure to fully comply with the requirements to serve the United States as set forth in Rule 4(i) may warrant dismissal of their case.

### III. CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiffs' Motion for Extension of Time to Effect Service on the United States Attorney General [**Doc. 17**].

**IT IS SO ORDERED.**

ENTER:

*Jill E. McCook*
Jill E. McCook
United States Magistrate Judge